UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JUSTIN JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:08-cv-00380-RL-CAN |
| | ) | |
| TDY INDUSTRIES, INC., | ) | |
| d/b/a ATI CASTING SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## **STIPULATED PROTECTIVE ORDER**

This matter having come before the Court on the Parties' Joint Motion for Protective Order, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the regulations under the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. § 164.512(e), and the relevant case law, including *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999), the Parties, by and through counsel, have agreed to the entry by this Court of a protective order in this matter.

It is therefore appearing that during pre-trial discovery in this cause that there will likely be disclosure to counsel of information and documents deemed by the Parties and/or under HIPAA to be private and confidential, including medical records of Plaintiff, and/or medical, personnel and business records of Defendant, TDY Industries, Inc., d/b/a ATI Casting Services (hereinafter "TDY") (including its agents, employees, servants, supervisors, managers, or co-employees), which the Parties desire to remain private and confidential, and in order to allow discovery to proceed in an expeditious and productive manner, IT IS HEREBY ORDERED:

1. This Stipulated Protective Order governs the use, disclosure, and designation as confidential of documents and information (in discovery or at trial) concerning the private

medical, personnel and business records of Plaintiff, of TDY, and its current and former employees. All "confidential" information (as defined in Paragraph 2 herein) produced or exchanged at any pre-trial phase of this litigation shall be used solely for the lawful purposes of prosecuting or defending this litigation, and shall not be disclosed to any person except in accordance with the terms of this Stipulated Protective Order, or by further Order of this Court. All documents, information or materials designated as "confidential" shall be entitled to protection as provided for in this Order.

2. "Confidential Information" as used herein means any medical, taxation, personnel or business information that: (a) is sufficiently private and/or confidential so as not to be in the public domain or is subject to regulations promulgated under HIPAA, 45 C.F.R. § 164.512 *et seq.*; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its privacy or confidentiality. Confidential Information may include any type or classification of information whether it is a document, information contained in a document, information revealed during a deposition, and/or information revealed in response to a discovery demand. "Confidential" information also includes, but is not limited to:

(a) TDY's non-public business records;

(b) Any non-public financial information about TDY and related corporate entities;

(c) Any personnel files or documents relating to any current or former TDY employees (besides Plaintiff) or independent contractor; and

(d) Any documents constituting a trade secret of TDY or any related entity.

Any document encompassing the above information contains information not readily available to the general public. Some of these documents contain personal and highly confidential information such as medical information, payroll information, and disciplinary

information relating to non-parties to this action, trade secret information, and proprietary information.

Confidential Information shall refer to all such designated information released after the entry of this protective order whether revealed during a deposition, in a document, or by production of tangible evidence or otherwise.

3. Any document, discovery response, deposition testimony, or other information obtained through any means of pre-trial discovery, or any portion thereof, may be designated as Confidential Information by the Party producing it, if such party contends in good faith that such information constitutes private, confidential and/or proprietary information meeting the definition in Paragraph 2. If a Party does not agree with the designation, it shall nevertheless treat the documents or information as "confidential" until such time as this Court determines that such materials are not entitled to be treated as "confidential."

4. Any Party to this litigation may designate as Confidential Information, documents, information and/or materials that is produced by a non-party where the designating Party determines that the non-party production is or represents Confidential Information of the designating Party. Documents produced by non-parties may not be disclosed by any Party without first providing all other Parties with prior notice of the intended disclosure. The Parties so notified will have ten (10) days to designate any documents by non-parties as Confidential Information.

5. Confidential information may be given, shown, disclosed, made available or communicated only to:

(a) Attorneys for the Parties who have executed this Stipulated Protective Order, and the attorneys, paralegal, administrative, clerical and secretarial personnel assisting such

3

attorneys for whom access to such material is necessary to perform their duties with respect to the case, provided that the execution of this Order by any member of a law firm representing a party shall constitute a representation that all persons in or employed by that firm shall observe this Stipulated Protective Order.

(b) The Parties to this litigation, and the designated employee representatives for Defendant who qualify for access under Paragraph 6 herein.

(c) Experts and consultants retained by a Party who qualify for access under Paragraph 6 herein.

(d) Witnesses for each Party, as identified in any Party's disclosures pursuant to Rule 26, provided that such witnesses expressly agree to comply with the terms of the Protective Order and provided that such witnesses shall be allowed to review the "confidential" documents or information, but shall not be provided with copies of the "confidential" documents and information.

(e) Individuals deposed by the Parties, provided that such deponents shall be allowed to review the "confidential" documents or information for purposes of the depositions, but shall not be provided with copies of the "confidential" documents and information.

(f) The Court (including any agent of the Court) and any court reporter used during depositions.

6. A Party may qualify for access to Confidential Information its designated employee representative and/or independent experts and consultants who are retained by such Party as follows:

(a) The Parties may disclose "confidential" documents, information, and materials to experts, consultants, deposition witnesses, and/or other witnesses who have a need to review the

material solely in connection with their potential and actual testimony in this case and who agree to be bound by this Order. Any third parties provided access to this information, documents, or materials designated as "confidential" shall not disclose that information except in deposition or court testimony.

(b) Before allowing any designated Party employee representative [who is not the custodian of any confidential information], or expert or consultant retained by a Party to gain access to the confidential information, counsel for the Party shall first require the designated employee representative, expert or consultant to complete and execute the Undertaking in the form attached hereto as Appendix A.

(c) In the event the retained expert is to be utilized as an expert at trial, and is disclosed in accordance with discovery or local rules of the court, a copy of the Undertaking shall be provided to opposing counsel.

The Parties and their counsel shall not be responsible for any noncompliance with the terms of this Order and Agreement attributable to persons who have signed such a written statement (Appendix A), provided the "confidential" materials have been properly provided to such individuals and that such individuals have not been advised or encouraged by counsel or the Parties to this matter to ignore or otherwise disregard the terms and provision of this Order and Agreement.

7. Documents containing Confidential Information, including briefs or other papers which incorporate or disclose Confidential Information, which may be filed in conjunction with pleadings or as evidence, shall be delivered under seal to the Clerk of the Court. The envelopes used to seal such documents shall carry the notation: "CONFIDENTIAL -- This document is

subject to a PROTECTIVE ORDER issued by the COURT and may not be examined or copied except in compliance with that Order."

8. Any interested member of the public may apply to the Court at any time to unseal Confidential Information which was filed under seal. If the Party opposing the unsealing of Confidential Information fails to demonstrate that good cause exists for maintaining the Confidential Information under seal, the Court will order the Confidential Information to be unsealed. *See, e.g., Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir.1999).

9. Nothing in this Stipulated Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to documents or other discovery material as that Party may consider appropriate; nor shall any Party be precluded from claiming that any matter designated hereunder is not entitled to protection, or that a lesser form of protection than designated is appropriate.

10. The inadvertent or unintended disclosure pursuant to discovery in this lawsuit of Confidential Information, regardless of whether the information was designated at the time of disclosure, shall not in this action be deemed a waiver in whole or in part of a subsequent claim of protected treatment under this Stipulated Protective Order, either as to the specific information and/or documents disclosed or as to any other information and/or documents; provided that the discovery of the inadvertent disclosure is made in a timely fashion following that disclosure and prompt written notice of the claim of confidentiality is given.

11. A Party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any point

in these proceedings with any designation made under this Stipulated Protective Order, the Parties shall first try to dispose of such dispute in good faith on an informal basis under Local Rule 37.1. If the dispute cannot be resolved, the Party objecting to the designation may seek appropriate relief from this Court.

12. No person may utilize or disclose to any person, in public or in private, the information and/or documents designated hereunder, except as set forth in this Stipulated Protective Order. This Stipulated Protective Order does not apply to information and/or documents acquired other than through this proceeding; the rights of the parties in respect to other acquired information being separately determined.

13. The terms of this Order shall continue unless and until modified once this matter is concluded, whether by settlement or by final Order not appeals; all "confidential" materials shall be either (a) returned to the producing Parties within thirty (30) days of final termination of this litigation to the Party or non-party who produced such material, or to its counsel; or (b) destroyed by the Party, and/or its counsel, possessing such Confidential Information, subject to written verification to the other Party and its counsel that such Confidential Information has been fully, finally, and completely destroyed. The final termination of this litigation shall be deemed to have occurred upon (a) the date following the entry of judgment after which, by lapse of time or otherwise, such judgment shall no longer be subject to review by or appeal to any court, or (b) upon a voluntary dismissal, with prejudice, thereof.

14. After the conclusion of this litigation, the termination of this action shall not relieve any person to whom "confidential" materials have been provided or disclosed from the obligations of this Order and Agreement, unless the Court so orders or the Parties otherwise agree.

15. During the course of this litigation, the Parties, by their counsel only, shall be entitled to view or otherwise withdraw "confidential" materials held by the Clerk of this Court by providing the Clerk with a copy of this Order and appropriate identification verifying that they have entered an Appearance in this action.

16. This Stipulated Protective Order shall survive the final termination of this litigation and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Stipulated Protective Order.

| Respectfully submitted: | Respectfully submitted: |
|---|---|
| BLACHLY TABOR BOZIK & HARTMAN, LLC | BOSE MCKINNEY & EVANS LLP |
| By: s/Anna M. Hearn<br>Anna M. Hearn<br>Counsel for the Plaintiff | By: s/David L. Swider<br>David L. Swider<br>Counsel for Defendant |

SO ORDERED THIS 20thDAY OF February, 2009.

s/Christopher A. Nuechterlein
United States Magistrate Judge

**APPENDIX A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUSTIN JORDAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TDY INDUSTRIES, INC., )<br>d/b/a ATI CASTING SERVICES, )<br>)<br>Defendant. ) | CASE NO. 3:08-cv-00380-RL-CAN |

**ACKNOWLEDGEMENT OF READING AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

    1.    My full name is _____

My Address is _____

    2.    My present employer is _____

My Employer's Address is _____

    3.    My present occupation or job description is _____

    4.    I have received a copy of the Stipulated Protective Order filed in the above-captioned matter; I have carefully read and understand the provisions of the Order; and I will comply with all of such provisions.

    5.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Confidential Information disclosed to me.

    6.    I will return all Confidential Information and all copies which come into my possession, and documents or thing which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

    7.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

                                    Signature: _____
                                    Printed Name: _____
                                    Date: _____

<u>List of Documents or Other Confidential Information Provided:</u>